UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER STUBL,

        Plaintiff,

                                  File No. 2:07-CV-204

v.

                                  HON. ROBERT HOLMES BELL

UNKNOWN PLACE,

        Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 16, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Roger Stubl's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 8.) Plaintiff filed objections to the R&R on November 28, 2007. (Dkt. No. 10.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the R&R because he contends that his allegation that Defendant breached an oral contract to conduct a polygraph test adequately states a claim for breach of contract.

Even if Plaintiff has adequately stated a claim for breach of contract, he has not established that this is a claim over which this Court has subject-matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Am. Telecom Co., L.L.C. v. Republic of Leb.*, 501 F.3d 534, 539 (6th Cir. 2007) (quoting *Ins. Corp. of Ir., Ltd. v. Co. des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).   The jurisdiction of federal district courts is circumscribed by Article III of the United States Constitution and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* (quoting *Ins. Corp. of Ir.*, 456 U.S. at 701).   "[T]he plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Id.* at 537 (quoting *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)).

The R&R explained that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Plaintiff failed to identify a constitutional or federal right allegedly infringed by Defendant.   In his objections to the R&R Plaintiff has failed to assert any alternative basis for this Court's subject-matter jurisdiction.   Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the November 16, 2007, Report and Recommendation of the Magistrate Judge (Dkt. No. 8) is **APPROVED** and **ADOPTED** as the opinion of the Court.

2

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that Plaintiff's various motions (Dkt. Nos. 2, 3, 4, 6, 9, 13, 16, 23, 26, and 27) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:     April 10, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE